UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

——————————————————————————X

NATAN ZEIDMAN

                                    Plaintiff,                    **FIRST AMENDED**
                                                                 **COMPLAINT**

    -against-
                                                                 PLAINTIFF DEMANDS
THE CITY OF NEW YORK, POLICE OFFICER                             TRIAL BY JURY
CARLYLE JEAN-JOSEPH, Shield #7880, POLICE
OFFICER JONATHAN YAN, Shield #4076, and
SERGEANT DERRICK DOTTIN, Shield #531
                                                                 No: 17-cv-05375-ERK-SMG
                                    Defendants.

——————————————————————————X

    Plaintiff NATAN ZEIDMAN, as and for his first amended complaint, by his attorney

Alexis G. Padilla, Esq., and upon information and belief respectfully alleges as follows:

## I. PRELIMINARY STATEMENT

1.    This is a civil rights action in which Plaintiff NATAN ZEIDMAN (hereinafter

    "ZEIDMAN" or "Plaintiff") seeks damages to redress the deprivation, under color of

    state law, of rights secured to him under the Fourth and Fourteenth Amendments of the

    United States Constitution. It is alleged that Defendants either used excessive force

    against ZEIDMAN or failed to intervene in the use of excessive force against

    ZEIDMAN, in violation of his civil rights. As a result of the excessive force used by

    Defendants, Plaintiff suffered physical and mental injuries.

## II. PARTIES

2.    Plaintiff ZEIDMAN at all times relevant hereto resided in Brooklyn, NY.

3.    Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation,

    incorporated pursuant to the laws of the State of New York, which operates the New

1

York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

4. Defendant POLICE OFFICER CARLYLE JEAN-JOSEPH, Shield #7880 (hereinafter "JEAN-JOSEPH") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. JEAN-JOSEPH is sued in his official and individual capacity.

5. Defendant POLICE OFFICER JONATHAN YAN, Shield #4076 (hereinafter "YAN") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. YAN is sued in his official and individual capacity.

6. Defendant SERGEANT DERRICK DOTTIN, Shield #531 (hereinafter "DOTTIN") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. DOTTIN is sued in his official and individual capacity.

### III. FACTS

7. On or about July 20, 2016 at 9:30 PM Plaintiff was lawfully present inside his residence at 1452 52nd Street, Brooklyn, New York.

8. Defendant officers, including but not limited to JEAN-JOSEPH, YAN and DOTTIN arrived at the aforementioned premises.

9. Defendant officers were allegedly informed, by ZEIDMAN's ex-wife, that ZEIDMAN's minor son YZ was present in the apartment with ZEIDMAN. Defendant officers were allegedly informed by ZEIDMAN's ex-wife that ZEIDMAN was not permitted to have custody of YZ at the aforementioned time and date.

2

10. Defendant officers demanded access to the aforementioned premises. ZEIDMAN did not grant Defendants access to the aforementioned premises.

11. Defendant officers used excessive force on ZEIDMAN, including but not limited to kicking his left knee and knocking him down onto a stone floor.

12. ZEIDMAN suffered injuries to his knee, including but not limited to an acute osteochondral lesion, a lateral tibial plateau with extensive surrounding reactive edema, chronic 4,8 subchondral lesion, horizontal cleavage tear, body, medial and lateral meniscus, and joint effusion.

13. ZEIDMAN has required extensive medical treatment including but not limited to medication, physical therapy and surgery.

14. On July 21, 2016, at approximately 4:00 PM, ZEIDMAN was arraigned at Kings County Criminal Court in relation to the within incident. ZEIDMAN was charged with Obstructing Governmental Administration in the Second Degree, PL 195.05 and Resisting Arrest, PL 205.30.

15. ZEIDMAN retained counsel and incurred substantial legal expenses.

16. ZEIDMAN was subsequently required to appear in court approximately 4 times before the aforementioned charges against him were dismissed.

### IV. FIRST CAUSE OF ACTION
Pursuant to §1983 (EXCESSIVE FORCE)

17. Paragraphs 1 through 12 are hereby realleged and incorporated by reference herein.

18. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.  That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

3

19.    That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

20.    That Defendants violated Plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

21.    That at the time of the arrest or while in custody, Plaintiff did not pose a threat to the safety of the arresting officers.

22.    That Plaintiff was not actively resisting arrest or attempting to evade arrest.

23.    That Defendant CITY, through its officers, agents, and employees, unlawfully subjected Plaintiffs to excessive force while effectuating his arrest.

24.    That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

25.    That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

26.    That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of Plaintiff's civil rights, including but not limited to the right to be free from the application of excessive force.

27.    That upon information and belief, in 2016, Defendants and CITY had a policy or routine practice of using excessive force when effectuating arrests.

28.    That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and

4

employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

29.    That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

30.    That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

31.    By reason of the foregoing, Plaintiff's suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## V. SECOND CAUSE OF ACTION
Pursuant to §1983 (FAILURE TO INTERVENE)

32.    Paragraphs 1 through 27 are hereby realleged and incorporated by reference herein.

33.    That Defendants DOE(S) failed to intervene when Defendants knew or should have known that Plaintiff's constitutional rights were being violated.

34.    That Defendants had a realistic opportunity to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence.

35.    That a reasonable person in the Defendants' position would know that Plaintiff's constitutional rights were being violated.

36.    That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of his liberty when they failed to intervene to protect

5

him from Defendants' violation of Plaintiff's rights pursuant to Fourteenth Amendment of the United States Constitution.

## VI. THIRD CAUSE OF ACTION
Pursuant to §1983(MUNICIPAL LIABILITY)

37. That upon information and belief, Defendants had a policy and /or custom of failing to intervene to protect citizens from violations of Constitutional rights by police officers. Thus, as a result of the above described policies and customs, Plaintiff was not protected from Defendants' unconstitutional actions.

38. That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

39. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

40. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of detainees and were the cause of the violations of Plaintiff's rights alleged herein.

41. That in so acting, Defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

42. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

6

WHEREFORE, Plaintiff respectfully requests that judgment be entered:

1. Awarding Plaintiff compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

3. Awarding Plaintiff interest from July 20, 2016 and

4. Awarding Plaintiff reasonable attorney's fees pursuant to 42 USC § 1988; and

5. Granting such other and further relief as to this Court deems proper.

DATED:    Brooklyn, New York
          February 13, 2018

                                    _____*/s/Alexis G. Padilla, Esq.*_____
                                    ALEXIS G. PADILLA, ESQ.
                                    *Attorney for Plaintiff*
                                    *Nathan Zeidman*
                                    575 Decatur Street #3
                                    Brooklyn, NY 11233
                                    (917) 238 2993
                                    alexpadilla722@gmail.com

7