UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NATAN ZEIDMAN                                    No: 17 CV 05375 (ERK) (SMG)

                          Plaintiff,             **SECOND AMENDED COMPLAINT**

   -against-                                        PLAINTIFF DEMANDS
                                                            TRIAL BY JURY
POLICE OFFICER CARLYLE JEAN-JOSEPH,
Shield #7880, POLICE OFFICER JONATHAN
YAN, Shield #4076, and SERGEANT DERRICK
DOTTIN, Shield #531

                          Defendants.
------------------------------------------------------------X

      Plaintiff, NATAN ZEIDMAN, by his attorney, Alexis G. Padilla, complaining of the defendants, POLICE OFFICER CARLYLE JEAN JOSEPH, Shield #7880 ("P.O. JEAN-JOSEPH"), POLICE OFFICER JONATHAN YAN, Shield #4076 ("P.O. YAN"), and SERGEANT DERRICK DOTTIN, Shield #531 ("SGT. DOTTIN"), upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

      1.     This is a civil rights action in which the plaintiff, NATAN ZEIDMAN, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

      2.     This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court

by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5. Plaintiff NATAN ZEIDMAN is a United States citizen of full age and a resident of Kings County, New York.

6. Defendant POLICE OFFICER CARLYSLE JEAN-JOSEPH was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant P.O. JEAN-JOSEPH acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

7. Defendant POLICE OFFICER JONATHAN YAN was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant

P.O. YAN acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

8. Defendant SERGEANT DERRICK DOTTIN was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant SGT. DOTTIN acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

**STATEMENT OF FACTS**

9. On or about July 20, 2016 at 9:30 PM plaintiff was lawfully present inside his residence at 1452 52nd Street, Brooklyn, New York.

10. Defendant officers, including but not limited to JEAN-JOSEPH, YAN and DOTTIN arrived at the aforementioned premises responding to a report from plaintiff's ex-wife alleging that Y.Z., the estranged couple's minor child in common, was missing.

11. Plaintiff answered the door when the defendant officers arrived and informed them that the child was inside, safe and unharmed.

12. The defendant officers insisted on seeing the child, who was asleep in his bedroom.

13. Plaintiff stated that it was unnecessary for the officers to come inside but the officers continued to insist on seeing the child.

14. Plaintiff then stated that he was reluctant to allow all three officers into the apartment for fear of startling the child.

15. Plaintiff asked that only one officer come inside to see the child.

16. Defendant SGT. DOTTIN stepped forward and said that he would come in.

17. Plaintiff turned to allow defendant SGT. DOTTIN into the apartment.

18. At that moment, defendant SGT. DOTTIN kicked plaintiff in the back of his left knee, causing plaintiff to fall forward.

19. Defendant SGT. DOTTIN then handcuffed plaintiff while he was on the ground.

20. Defendant P.O. YAN then placed plaintiff under arrest while defendant P.O. JEAN-JOSEPH stood by and did nothing to stop the unconstitutional acts of his fellow officers.

21. Defendant was placed in a police vehicle by the defendant officers and transferred to the 66th Precinct of the New York Police Department.

22. At the 66th Precinct plaintiff was placed in a cell and held in custody for approximately 8 hours.

23. Eventually plaintiff was transferred to Central Booking in Brooklyn, where he was charged by defendant P.O. YAN with obstructing governmental administration and resisting arrest.

24. Plaintiff was released on his own recognizance after approximately 20 hours of detention.

25. All charges against plaintiff were eventually dismissed.

26. At no time during the events described above did defendants have probable cause to use force against plaintiff.

27. At no time during the events described above did defendants have probable cause to arrest plaintiff.

28. As a result of the defendants' unconstitutional acts plaintiff suffered injury and harm, specifically to his left knee, including but not limited to an acute osteochondral lesion, a lateral tibial plateau with extensive surrounding reactive edema, chronic 4,8 subchondral lesion, horizontal cleavage tear, body, medial and lateral meniscus, and joint effusion.

## AS FOR A FIRST CAUSE OF ACTION

***Excessive Force in violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution as against all defendants***

29. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

30. At all times during the events described above defendant SGT. DOTTIN lacked probable cause to use force against plaintiff.

31. At all times during the events described above defendants P.O. JEAN-JOSEPH and P.O. YAN had the opportunity to intervene and put a stop to defendant SGT. DOTTIN's unconstitutional use of force but failed to do so.

32. All of the aforementioned acts of defendants were carried out under the color of state law.

33. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities

guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

34. The acts and omissions complained of were carried out by the defendants in their capacities as police officers, with all actual and/or apparent authority afforded thereto.

35. The acts complained of resulted in pain and injury to plaintiff.

36. The acts complained of deprived plaintiff of his right to be free from excessive force.

## AS FOR A SECOND CAUSE OF ACTION

*False Arrest in violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution as against all defendants*

37. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

38. At all times during the events described above, defendants lacked probable cause to arrest plaintiff.

39. At all times during the events described above defendants acted under the color of state law.

40. The acts complained of were carried out by defendants in their capacity as police officers, with all actual and/or apparent authority afforded thereto.

41. The arrest of plaintiff by defendants deprived plaintiff of the right to be free from arrest not based upon probable cause guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

42. As a result of the aforementioned acts of defendants, plaintiff suffered a period of false imprisonment lasting approximately 24 hours.

43. All charges against plaintiff were eventually dismissed.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: 01/31/2019
      Brooklyn, NY

By:       */s/Alexis G. Padilla*
Alexis G. Padilla, Esq. [AP8285]
*Attorney for Plaintiff*
*Natan Zeidman*
575 Decatur Street #3
Brooklyn, NY 11233
Tel. 917 238 2993
alexpadilla722@gmail.com